IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHANNON KING, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 21-2049-KHV |
| | ) | |
| BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on <u>Defendant's Unopposed Motion For Leave To File Under Seal</u> (Doc. #62) filed February 11, 2022.  For reasons stated below, the Court overrules defendant's motion.

Federal courts have long recognized a common-law right of access to judicial records. <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007).   This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution.   <u>See Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 599 (1978); <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980).  The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest.   <u>Crystal Grower's</u>, 616 F.2d at 461-62.  In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties.   <u>Helm v. Kansas</u>, 656 F.3d 1277, 1292 (10th Cir. 2011).   The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.   See <u>Colony Ins. Co. v. Burke</u>, 698 F.3d 1222, 1241 (10th Cir. 2012).  The parties must articulate a real and substantial interest that

justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

Defendant seeks leave to file under seal more than 900 pages of documents in support of its motion for summary judgment.  In support of its motion to seal, defendant notes that it designated many of the documents as "confidential" under the Agreed Protective Order (Doc. #16) filed June 21, 2021.  The fact that a party designated the documents "confidential" under the protective order does not in itself provide sufficient reason to seal.  Carfusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010).  The protective order states that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal."  Agreed Protective Order (Doc. #16) at 7.  Further, the mere designation of information as confidential "is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets."  Id.; see id. at 2 (order "will be strictly construed in favor of public disclosure and open proceedings wherever possible"); see also Helm, 656 F.3d at 1292 (parties cannot overcome presumption against sealing simply by showing records are subject to protective order).

On this record, defendant has not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  Defendant argues that the documents include (1) personal identifying information of non-parties; (2) medical information about plaintiff or other witnesses; (3) personal employment information about non-parties; and (4) documents

that the parties submitted to the EEOC which are not publicly available. Defendant has not explained why disclosure of such information would be harmful or how limited redaction would be insufficient to protect any real and substantial privacy interests. Accordingly, the Court overrules defendant's motion to file documents under seal.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion For Leave To File Under Seal (Doc. #62) filed February 11, 2022 is **OVERRULED**.

Dated this 17th day of February, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
